IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas F. Brown et al.,                                    Case No. 3:10CV697

               Plaintiff

     v.                                                          ORDER

Sterling Infosystems, Inc., et al.,

               Defendant


This is a civil case brought by Thomas D. Brown and his wife, Vicky Brown, against

Sterling Infosystems, Inc. (Sterling), alleging four Ohio common law claims: 1) negligent

misrepresentation; 2) negligence; 3) defamation; and 4) tortious interference with a contract.

Plaintiffs also allege one claim under 15 U.S.C. §§ 1681 *et seq.*, for negligent or willful

noncompliance in violation of the Fair Credit Reporting Act (FCRA).

Jurisdiction is proper under 28 U.S.C. § 1331 and § 1332.

Pending is defendant's partial motion to dismiss plaintiffs' claims for negligent

misrepresentation, negligence, defamation, and tortious interference with a contract as to

1

Thomas Brown and all claims as to Vicky Brown. [Doc. 8].[1] For the reasons discussed below, defendant's motion shall be granted.[2]

## Background

Plaintiffs allege that Laboratory Corporation of America (LabCorp) offered Mr. Brown employment subject to a satisfactory background check on March 5, 2008. LabCorp rescinded the offer on March 10, 2008, informing him "that there was a problem with his background check." [Doc. 1, at 3]. After requesting a copy of the report from defendant, a credit reporting agency (CRA), plaintiffs allege that the report contained "several material inaccuracies." [*Id.*]. Among these were an incorrect name, birthday, and criminal history. On or about April 29, 2008, LabCorp informed Mr. Brown that the position had been filled.

Plaintiffs filed suit on March 5, 2010, in the Common Pleas Court of Lucas County, Ohio. On April 2, 2010, defendant removed the case to this court.

## Standard of Review

---

[1] Defendant does not move to dismiss plaintiffs' FCRA claim in Count Four as to Thomas Brown.

[2] Plaintiffs fail to address five of defendant's arguments in their opposition: 1) plaintiffs' defamation claim is time-barred; 2) plaintiffs were not owed a common law duty of care by defendant; 3) plaintiffs' state law claims are barred by the economic loss doctrine; 4) plaintiffs' claim for tortious interference with a contract claim must be dismissed given the lack of an existing contract; and 5) plaintiff Vicky Brown lacks standing to pursue any of the alleged claims.

Those arguments are deemed well taken for the reasons stated in the motion and are grounds for granting defendant's partial motion to dismiss. *See Plaster v. C.I.R.*, 2003 WL 929803, *1 (N.D. Ohio); *Wolford v. Advance Auto Parts*, 1999 WL 1491623, *1 (N.D. Ohio). In any event, I will address plaintiffs' contentions that the FCRA does not preempt their four common law claims and that they have adequately pled a negligent misrepresentation claim.

2

A claim survives a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, U.S. , , 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal citations omitted).

A complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, *supra*, 129 S. Ct. at 1949 (citing *Twombly*, *supra*, 550 U.S. at 557) (internal quotation omitted).

I must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555; *see also Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### Discussion

In response to defendant's motion, plaintiffs argue: 1) their state law claims are not preempted by the FCRA; and 2) they have pled a negligent misrepresentation claim.

### A. Preemption

3

**1. Sections 1681h(e) and 1681t**

The parties disagree as to how the FCRA applies to this case. Defendant argues that plaintiffs' state law claims are preempted by the FCRA under 15 U.S.C. § 1681h(e), which states:

> [e]xcept as provided in sections 1681n and 1681o of this title, no consumer may bring *any action or proceeding in the nature of defamation, invasion of privacy, or negligence* with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based on whole or in part on the report *except as to false information furnished with malice intent to injure such consumer*.

(emphasis added).

Plaintiffs argue that their Ohio common law claims are not preempted by the FCRA because 15 U.S.C. 1681t(a) controls. 15 U.S.C. § 1681(a) states:

> Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, except to the extent that those laws are consistent with any provision of this subchapter, and then only to the extent of the inconsistency.[3]

---

[3] Plaintiffs fail to address 15 U.S.C. 1681t(b), which states:

> No requirement or prohibition may be imposed under the laws of any state (1) with respect to subject matter regulated under  .   .   .  (B) section 1681i of this title, relating to the time by which a consumer reporting agency must take any action, including the provision of notification to a consumer or other person, in any procedure related to the disputed accuracy of information in a consumer's file, except that this subparagraph shall not apply to any State law in effect on September 30, 1996.

4

This situation is somewhat unique in two respects. First, analyzing the interaction of these two seemingly conflicting statutes often concerns a defendant that is a furnisher of credit information (FCI) as opposed to a CRA.[4] *See generally* Tracy Bateman Farrell, *Preemption of State Law by Fair Credit Reporting Act*, 8 A.L.R. Fed. 2d 233 (2010) (discussing differing approaches to reconciling § 1681h(e) and § 1681t).

Second, no circuit court has ruled on this issue. *Saint Torrance v. Firstar*, 529 F. Supp. 2d 836, 841 (S.D. Ohio 2007). There is, however, considerable disagreement among district courts. *Id.* at 841-44; *Beyer v. Firstar Bank, N.A.*, 447 F.3d 1106, 1108 (8th Cir. 2006) (stating that district courts have adopted different approaches, but declining to address the question). This disagreement has produced four approaches to harmonizing the provisions: total preemption, willfulness, timing and statutory.

### a. Total Preemption

"Courts employing the total preemption approach have concluded that Congress repealed § 1681h(e) in amending § 1681t." *Barnhill v. Bank of Am., N.A.*, 378 F. Supp. 2d 696, 700 (D.S.C. 2005). *See Hasvold v. First USA Bank*, 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002); *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 361 (E.D. Pa. 2001). This approach, however, "ignores well-established principles of statutory construction as well as FCRA's legislative history. Thus, the approach is fatally flawed." *Barnhill*, *supra*, 194 F. Supp. 2d at 700.

---

[4] Because the defendant in most cases is an FCI, the vast majority of cases concentrate on § 1681t(b)(1)(F), which holds that no state may legislate with respect to 15 U.S.C. 1681s-2, "relating to the responsibilities of persons who furnish information to consumer reporting agencies." This provision then goes on to list two separate exceptions for California and Massachusetts. § 1681t(b)(1)(F). In this instance, the applicable provision is § 1681t(b)(1)(B).

"It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)).

The Supreme Court has also mandated that an implied repeal occurs only where "two statutes are in irreconcilable conflict, or where the latter act covers the whole subject of the earlier one and is clearly intended as a substitute." *Barnhill*, *supra*, 378 F. Supp. 2d at 701 (citing *Posadas v. Nat'l City Bank*, 296 U.S. 497, 503 (1936)). It is therefore not a surprise that this "approach appears to enjoy the least support." *Manno v. Am. Gen. Fin. Co.*, 439 F. Supp. 2d 418, 426 (E.D. Pa. 2006).

I agree this approach renders § 1681h(e) "a nullity", *Barnhill*, *supra*, 378 F. Supp. 2d at 701, and thus is not persuasive or appropriate.

**b. Willfulness**

One court has adopted the willfulness approach in the context of furnishers of credit information. The district court for the Middle District of Tennessee held that "[a]ll state law claims that do not allege willfulness are preempted by § 1681h(e), and any surviving claims alleging willfulness are preempted under § 1681t(b)(1)(F) if they involve subject matter regulated under § 1681s-2." *Westbrooks v. Fifth Third Bank*, 2005 WL 3240614, *6 (M.D. Tenn.).

This approach has received little attention, likely because it "directly conflicts with the express language of § 1681h(e)  .   .   .  by including all state claims." *Saint Torrance*, *supra*, 529

6

F. Supp. 2d at 842. Specifically, "no consumer may bring any action or proceeding *in the nature of defamation, invasion of privacy, or negligence*." *Id.* (citing § 1681h(e) (emphasis added)).

Because this approach conflicts with §1681h(e)'s express language, I "find this interpretation to be too broad", *id.*, and decline to adopt it.

### c. Timing

Courts employing the timing (also known as temporal) approach focus on when an entity informs the CRA of a dispute. *Id.* at 841-42. Causes of action arising from acts *prior* to an entity informing the CRA of an inaccuracy are governed by § 1681h(e). *Barnhill*, *supra*, 194 F. Supp. 2d at 701. Conversely, causes of action arising from acts *after* an entity informs the CRA are governed by §1681t(b)(1)(B). *Id.*; *see also Aklagi v. Nationscredit Fin.*, 196 F. Supp. 2d 1186, 1196 (D. Kan. 2002) (describing and applying the temporal approach under § 1681t(b)(1)(F), where the defendant was an FCI); *Kane v. Guar. Residential Lending, Inc.*, 2005 WL 1153623, *9 (E.D.N.Y.) (holding that the temporal approach "appears to be the best reasoned" where the defendant was an FCI).

"In sum, under the temporal approach, common law tort claims may go forward *only* if they concern acts which occurred before the furnisher [of information] had notice of any inaccuracy or a dispute *and* if malice or willful intent to injure the consumer has been alleged." *Barnhill*, *supra*, 378 F. Supp. 2d at 701.

This approach fails for two reasons. First, it provides that a general statute would prevail over a specific statute, thereby violating an accepted canon of statutory construction: "[w]hen a specific statute carves out an exception to a general statute, the 'specific statute will not be

7

controlled or nullified by the general one, regardless of priority of enactment.'" *Id.* (quoting *Morton v. Mancari*, 417 U.S. 535, 550-51 (1974)).

Under this approach, given that §1681t(b) is a general preemption provision, whereas § 1681h(e) is a specific one, after a CRA receives notice of a dispute, the general statute would prevail over the specific. *Id.*; *see also Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368, 1375-76 (N.D. Ga. 2004) (holding that more specific statute must govern question of preemption); *Gordon v. Greenpoint Credit*, 266 F. Supp. 2d 1007, 1012 (S.D. Iowa 2003) (same). Second, as stated by the court in *Johnson*, *supra*,

> the practical effect of this approach is troubling. The newer statute, § 1681t(b)(1)[B], provides furnishers of information with much greater protection (potentially no [state] lawsuits) than does the older statute, § 1681h(e) (allowing defamation actions premised on malice or willfulness). To read the two statutes in this way has the effect of giving a furnisher of information more protection from exposure to liability for acts committed after receiving notice of dispute than for acts committed before such notice. It seems odd to [me] that Congress intended to protect furnishers of information more once they have knowledge that a consumer is disputing an item on his credit report; one would, logically, expect the opposite policy.

351 F. Supp. 2d at 1374-75 (quoting *Neal v. Equifax Info. Servs.*, 2004 WL 5238126, *6 (N.D. Ga.)).

I agree that this approach is "strained at best." *Gordon*, *supra*, 266 F. Supp. 2d at 1013. I therefore decline to adopt it.

### d. Statutory

The statutory approach concludes that Congress intended these separate provisions "to work concurrently to preempt different state laws." *Barnhill*, *supra*, 378 F. Supp. 2d at 703. Courts following this approach hold that § 1681t(b) preempts state statutory causes of action

8

whereas § 1681h(e) "preempt[s] some state common-law causes of action." *Id.*; *see Marcum v. G.L.A. Collection Co., Inc.*, 646 F. Supp. 2d 870, 873-74 (E.D. Ky. 2008); *Saint Torrance*, *supra*, 529 F. Supp. 2d at 843; *Manno*, *supra*, 439 F. Supp. 2d at 426; *Islam v. Option One Mortgage Corp.*, 432 F. Supp. 2d 181, 192 (D. Mass. 2006); *Jordan v. Trans Union LLC*, 377 F. Supp. 2d 1307, 1309 (N.D. Ga. 2005); *Johnson*, *supra*, 351 F. Supp. 2d at 1376; *McCloud v. Homeside Lending*, 309 F. Supp. 2d 1335, 1341 (N.D. Ala. 2004); *Miller v. Wells Fargo & Co.*, 2008 WL 793676, *10 (W.D. Ky.). There are several reasons for using this approach.

First, accepted canons of statutory construction support this approach. *Barnhill*, *supra*, 378 F. Supp. 2d at 703. This approach "does not render § 1681h(e) a nullity" and the general provision, § 1681t(b), does not control the specific provision, § 1681h(e). *Id.*

"Second, the plain language of § 1681t supports the conclusion that it applies only to state statutory laws." *Id.* This approach acknowledges the exceptions to each provision as § 1681t(b) identifies certain state statutes while § 1681h(e) "excepts common law torts." *Islam*, *supra*, 432 F. Supp 2d at 192; *see also Barnhill*, *supra*, 378 F. Supp. 2d at 703.

Third, following the 1996 amendments to § 1681t, circuit courts have continued to apply § 1681h(e) to common law claims. *Barnhill*, *supra*, 378 F. Supp. 2d at 704; *see also Wilson v. CARCO Group, Inc.*, 518 F.3d 40, 42 n.2 (D.C. Cir. 2008); *Lofton-Taylor v. Verizon Wireless*, 262 F. App'x 999, 1002 (11th Cir. 2008); *Young v. Equifax Credit Info. Servs.*, 294 F.3d 631, 638 (5th Cir. 2002); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 229 (3d Cir. 1997).

Because plaintiffs have alleged only common law claims, § 1681t is irrelevant for purposes of this motion. Section 1681h(e) controls.

## 2. Required Intent Under § 1681h(e)

Because I have held that § 1681h(e) controls, I now address whether the FCRA preempts plaintiffs' claims. While the Sixth Circuit has not ruled on this issue, other circuit courts have consistently held that the FCRA preempts state common law claims absent malice or willful intent to injure. *See Wilson*, *supra*, 518 F.3d at 42 n.2; *Lofton-Taylor*, *supra*, 262 F. App'x at 1002; *Young*, *supra*, 294 F.3d at 638; *Cushman*, *supra*, 115 F.3d at 229; *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1069 (9th Cir. 1992); *Thornton v. Equifax, Inc.*, 619 F.2d 700, 704 (8th Cir. 1980).[5]

Because plaintiffs have not alleged "malice or willful intent to injure" as required by § 1681h(e), plaintiffs' claims are preempted and defendant's partial motion to dismiss on these grounds shall be granted.

### B. Negligent Misrepresentation

Even if plaintiffs' negligent misrepresentation claim were not preempted, it would likely still fail.

Under Ohio law, a claim of negligent misrepresentation requires the plaintiff establish that the defendant was:

> [o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if

---

[5] Plaintiffs argue that their allegation of "willful noncompliance" on behalf of defendant is sufficient to meet the "malice or willful intent to injure" requirement of § 1681h(e). Defendant is correct that plaintiffs' allegation of "willful noncompliance" on behalf of defendant does not rise to level of malice or willful intent to injure "required to avoid § 1681h(e) immunity." *Reed v. Experian Info. Solutions, Inc.*, 321 F. Supp. 2d 1109, 1117 (D. Minn. 2004) (holding "[t]he malice or willful intent to injure contemplated by § 1681h(e) is of a higher degree than that which supports a claim of statutory or punitive damages under § 1681n[,]" which requires willful noncompliance.); *see also Thornton*, *supra*, 619 F.2d at 706.

he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Delman v. City of Cleveland Heights*, 41 Ohio St. 3d 1, 4 (Ohio 1989) (quoting 3 RESTATEMENT (SECOND) OF TORTS § 552(1)); *see also Gutter v. Dow Jones, Inc.*, 22 Ohio St. 3d 286, 288 (1986); *Haddon View Inv. Co. v. Coopers & Lybrand*, 70 Ohio St. 2d 154, 157 (1982).

In addition, I have held that "[a] core requirement in a claim for negligent misrepresentation is a special relationship under which the defendant supplied information to the plaintiff for the latter's guidance in its business transaction." *Hayes v. Computer Assocs. Int'l, Inc.*, 2003 WL 21478930, *6 (N.D. Ohio) (citing *Picker Int'l, Inc. v. Mayo Found.*, 6 F. Supp. 2d 685, 689 (N.D. Ohio 1998)); *see also Doe v. SexSearch.com*, 551 F.3d 412, 418 (6th Cir. 2008). As Judge Gwin explained in *Picker*, *supra*,

> This relationship occurs only in "special" circumstances. Usually the defendant is a professional (e.g., an accountant) who is in the business of rendering opinions to others for their use in guiding their business, and the plaintiff is a member of a limited class. This "special" relationship does not exist in ordinary business transactions.

6 F. Supp. 2d at 689.

Defendant is correct that the information went to LabCorp, not plaintiffs, for guidance in LabCorp's business transactions. Further, plaintiffs do not allege that a "special relationship" existed between themselves and the defendant.

Plaintiffs argue, however, that the third-party exception in *Haddon*, *supra*, allows for recovery. In *Haddon*, the Ohio Supreme Court held that "an accountant may be held liable by a third party for professional negligence when that third party is a member of a limited class whose reliance on the accountant's representation is specifically foreseen." 70 Ohio St. 2d at 157.

11

"Precedent indicates that a determination whether the plaintiff is part of a limited group of people is fact-specific and requires a close analysis of the relationship between the parties." *Amann v. Clear Channel Commc'ns.*, 165 Ohio App. 3d 291, 298 (2006). *See, e.g., Merrill v. William E. Ward Ins.*, 87 Ohio App. 3d 583 (1993) (children of a deceased life insurance policy holder "constitute[d] a limited class of individuals for whose benefit the representations were made and whose reliance on the information was specifically foreseen by defendants"). *But see Hancock v. Sigg*, 1995 WL 516492, *2 (Ohio App.) ("Sellers [of a home] are not among the limited class of persons whose reliance upon [appraiser's] appraisal of the property could be specifically foreseen.").

I need not reach a conclusion on this issue, however, because this claim is preempted by the FCRA.

**Conclusion**

It is, therefore,

ORDERED THAT defendant's partial motion to dismiss [Doc. 8] be, and the same hereby is granted.  A scheduling conference is set for August 23, 2010 at 10:30 a.m.

So ordered.


s/James G. Carr
U.S. District Judge